**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DEMUND BROWN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LIFE ADULT CARE SERVICES, LLC,<br><br>Defendant. | CIVIL COMPLAINT - COLLECTIVE AND CLASS ACTION<br><br>CASE NO.: 2:25-cv-1251<br><br>**JURY TRIAL DEMANDED**<br><br>*ELECTRONICALLY FILED* |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, DEMUND BROWN ("Named Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, hereby file this Collective and Class Action Complaint ("Complaint") against Defendant, LIFE ADULT CARE SERVICES, LLC ("Defendant") and allege violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101, *et seq.* ("PMWA"), and the Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1, *et seq.* ("PWPCL"), as follows:

**NATURE OF CASE**

This case is brought as a collective action pursuant to the FLSA and as a class action pursuant to Fed. R. Civ. P. 23 under the state laws of the Commonwealth of Pennsylvania, to wit, the PMWA and PWPCL, for failure to pay wages, including overtime wages at the legally mandated rate, as well as for liquidated damages and other available relief. Named Plaintiff and all others similarly situated (hereinafter "Putative Class Members") are those similarly situated persons who worked for Defendant as Direct Support Providers ("DSP") in the Commonwealth of Pennsylvania at any time during the applicable statutory limitations period of three (3) years preceding the filing of this Complaint through the final disposition of this matter (hereinafter "limitations period") that have unpaid wages owed to them by Defendant in violation of state and federal law.

Although Named Plaintiff and the Putative Class Members have routinely worked in excess of forty (40) hours per workweek, Named Plaintiff and the Putative Class Members have not been paid all of their wages, including overtime wages of at least one and one-half (1½) times their regular rates for all hours worked in excess of forty (40) hours per workweek. Defendant knowingly and deliberately failed to compensate Named Plaintiff and the Putative Class Members at the proper rate of pay, including overtime pay for hours worked in excess of forty (40) in a workweek, on a routine and regular basis during the limitations period. Named Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA or Pennsylvania state law. Named Plaintiff and the Putative Class Members seek to recover all unpaid overtime wages, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and

to recover all unpaid wages, overtime wages, and other damages owed under the PMWA and PWPCL as a class action pursuant to Fed. R. Civ. P. 23.

## PARTIES

### A. Named Plaintiff

1. Named Plaintiff, Demund Brown ("Mr. Brown"), was employed by Defendant from September 2019 through July 16, 2025, which was during the relevant time period of the events specified in this Complaint. During this time period, Mr. Brown did not receive the correct amount of straight time pay and/or overtime compensation at the legally mandated rate for all hours worked in excess of forty (40) hours per workweek. Named Plaintiff's consent to join the collective action aspect of this lawsuit is filed with this Court as Exhibit A to this Complaint. *See* Exhibit A.

2. The FLSA Collective Members are those current and former hourly DSPs who were employed by Defendant in Pennsylvania at any time during the limitations period and have been subjected to the same illegal pay system under which Named Plaintiff worked and was paid.

3. The Pennsylvania Members are those current and former DSPs who were employed by Defendant in Pennsylvania at any time during the limitations period and have been subjected to the same illegal pay system under which Named Plaintiff was paid.

### B. Defendant

4. Defendant, Life Adult Care Services, LLC, is a domestic limited liability company, registered in the Commonwealth of Pennsylvania, licensed in and doing business in the Commonwealth of Pennsylvania, with a business address at 5337 Columbo St., Pittsburgh, Allegheny County, Pennsylvania 15220.

## JURISDICTION AND VENUE

5. The FLSA authorizes court actions by private parties to recover damages for violations of its wage/hour provisions. Subject matter jurisdiction over Named Plaintiff's claims arises under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. The PMWA and PWPCL each provide for a private right of action to enforce their provisions. This Court has supplemental jurisdiction over Pennsylvania state law claims, pursuant to 28 U.S.C. § 1367, because they are so intertwined with Named Plaintiff's federal claims as to form part of the same case and controversy.

7. This Court has general and specific personal jurisdiction over Defendant because this cause of action arose within this District as a result of Defendant's conduct within this District.

8. Venue is proper in this District pursuant to 28 U.S.C § 1391(b). The unlawful employment practices complained of *infra* took place within this District and a substantial part of the events and omissions giving rise to Named Plaintiff's claims occurred in this District. Further, Defendant regularly transacts substantial business within this District.

## FACTUAL ALLEGATIONS

### A. Background

9. Defendant provides in-home care for people with intellectual and mental disabilities.

10. Named Plaintiff was employed by Defendant as a DSP in Pittsburgh, Pennsylvania from approximately September 2019 until July 2025.

11. Throughout his employment tenure with Defendant, Named Plaintiff and the Putative Class Members' job duties consisted of providing in-home care for the residents, which

included various responsibilities such as doing laundry, cleaning the apartment units, preparing meals for the residents, ensuring residents took their medications, and offering general living assistance to the residents.

12. Named Plaintiff and the Putative Class Members are non-exempt employees who were, and are, paid on an hourly basis by Defendant.

13. In addition to working a standard forty (40) hours in a workweek, Named Plaintiff and the Putative Class Members worked varying hours in excess of forty (40) hours each workweek and have not been properly compensated for these hours worked.

14. Specifically, Defendant has engaged in a top-down wage policy or practice, wherein it consistently, systematically, and willfully failed to pay its DSPs all of their wages, including overtime wages at a rate of one and one-half (1½) times for their work in excess of forty (40) hours per week.

15. For illustrative purposes, Named Plaintiff's Earning Statements for the pay periods starting August 8, 2024 through July 23, 2025 ("Earning Statements"), attached and incorporated herein as Exhibit B reveal the extent of the aforementioned illegal wage practice and policy of Defendant. *See* Exhibit B.

16. By way of example, the July 30, 2025, Earning Statement shows that Plaintiff was paid at a regular wage of sixteen dollars ($16.00) an-hour - a wage that is lower than the twenty-one-dollars ($21.00) an-hour wage Named Plaintiff should have been receiving as his regular wage. *Id*.

17. Moreover, the July 30, 2025, Earning Statement shows that Defendant did not pay Named Plaintiff an overtime wage rate for all time worked in excess of forty (40) hours per week. This is evident by Defendant using the above incorrect regular rate of pay and only paying

Named Plaintiff overtime wages of one and a one-quarter (1¼) hours in excess of forty (40) hours in a week. *Id.*

18. As such, the July 30, 2025, Earning Statement, as well as the other Earning Statements, provide indisputable evidence that Defendant failed to pay Named Plaintiff (1) for all earned wages at his proper hourly rate of pay, (2) overtime at the mandated rate of one and one-half (1½) times, and/or (3) for all earned overtime wages at his proper overtime rate of pay as a result of using an improper/lower hourly rate of pay Defendant paid Named Plaintiff an overtime wage of twenty-four-dollars ($24.00) an hour when the correct overtime wage should have been thirty-one- dollars and fifty cents ($31.50) an hour.

19. Named Plaintiff's Earning Statements are representative of how Defendants failed to properly pay all its DSPs and, therefore, the earning statements for the Putative Class Members maintained by Defendant will further illustrate these wage and hour violations.

20. Accordingly, Defendant has engaged in business practices that have violated the rights of its employees as they relate to their payment/wages, resulting in unpaid labor from Named Plaintiff and the Putative Class Members each day.

21. This lawsuit is therefore brought as (a) a collective action under the FLSA and (b) a class action under Fed. R. Civ. P. 23 for violations of the PMWA and PWPCL.

### B. <u>Violations of the FLSA, PMWA, and PWPCL</u>

***Unpaid Overtime and Straight Time***

22. Defendant is aware of its obligation under the FLSA and PMWA to pay its employees overtime pay at a rate one and one-half (1½) times for all work in excess of forty (40) hours per week but has failed to do so.

23. As a result of this policy and practice of Defendant, Named Plaintiff and the Putative Class Members were not compensated for all hours worked in excess of forty (40) in a workweek at the rates required by the FLSA and PMWA.

24. Because Defendant did not pay Named Plaintiff and the Putative Class Members one and one-half (1½) times for all hours worked in excess of forty (40) in a workweek, Defendant's pay policies and practices violate the FLSA, PMWA and PWPCL.

25. Because Defendant also paid Named Plaintiff and the Putative Class Members at a rate of pay lower than their regular rate of pay for certain straight time hours, Defendant's pay policies and practices gave rise to a separate violation pursuant to the PWPCL which also had a cascading effect on Defendant's aforementioned failure to properly pay overtime wages at the proper rate.

## COUNT I

**Collective Action Alleging FLSA Violations**
**(Named Plaintiff and FLSA Collective v. Defendant)**

### A. FLSA COVERAGE

26. Named Plaintiff incorporates by reference all paragraphs and allegations set forth in the statement of facts of this Complaint as though fully and completely set forth herein.

27. The FLSA Collective is defined as:

> **ALL HOURLY DIRECT SUPPORT PROVIDERS EMPLOYED BY DEFENDANT, LIFE ADULT CARE SERVICES, LLC, IN THE COMMONWEALTH OF PENNSYLVANIA, AT ANY TIME FROM THREE (3) YEARS PRECEDING THE FILING OF THIS COMPLAINT THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

28. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

29. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

30. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

31. During the respective periods of Named Plaintiff and the FLSA Collective Members' employment by Defendant, these individuals have provided services for Defendant that involved activities for purposes of the FLSA.

32. In performing the above-described operations, Named Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

33. Specifically, Named Plaintiff and the FLSA Collective Members are non-exempt hourly DSPs employed by Defendant who assisted, and assist, Defendant's customers who live in the United States. 29 U.S.C. § 203(j).

34. At all times hereinafter, Named Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

35. The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 27.

36. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendant.

**B. <u>FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA</u>**

37. Defendant has violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–7, and 215(a)(2) by employing individuals as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such nonexempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

38. Moreover, Defendant knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Named Plaintiff and the FLSA Collective Members the proper amount of overtime compensation for all hours worked. 29 U.S.C. § 255(a).

39. Defendant is a sophisticated party and employer and therefore knew (or should have known) its pay policies were in violation of the FLSA.

40. Named Plaintiff and the FLSA Collective Members, on the other hand, were, and are, employees without a sophisticated understanding of complex wage and hour laws and who trusted Defendant to pay them according to the law.

41. The decisions and practices by Defendant to not pay Named Plaintiff and the FLSA Collective Members one and one-half (1½) times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek was neither reasonable nor in good faith.

42. Accordingly, Named Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one and one-half (1½) times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. <u>COLLECTIVE ACTION ALLEGATIONS</u>

43. All previous paragraphs are incorporated as though fully set forth herein.

44. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Defendant's employees who have been similarly situated to Named Plaintiff with regard to the work they performed and the manner in which they have not been paid.

45. Other similarly situated employees of Defendant have been victimized by Defendant's patterns, practices, and policies, which are in willful violation of the FLSA.

46. The FLSA Collective Members are defined in Paragraph 27.

47. Defendant's failure to pay Named Plaintiff and the FLSA Collective Members for overtime compensation at the rates required by the FLSA results from generally applicable policies and practices of Defendant and does not depend on the personal circumstances of Named Plaintiff and the FLSA Collective Members.

48. Thus, Named Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

49. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

50. All of the FLSA Collective Members - regardless of their specific job titles, precise job requirements, rates of pay, or job locations - are entitled to be paid at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

51. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

52. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress for their injuries and Defendant will retain the proceeds of its rampant violations.

53. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

54. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 27 and notice should be promptly sent.

**D. <u>PRAYER FOR RELIEF ON COUNT I</u>**

WHEREFORE, Named Plaintiff, Demund Brown, on behalf of himself and the FLSA Collective, respectfully requests that this Honorable Court enter Judgment in his favor and against Defendant, Defendant, Life Adult Care Services, LLC, as follows:

A. Designate this action as a collective action and class action on behalf of the proposed FLSA Collective; and,

  a. Promptly issue notice pursuant to 29 U.S.C § 216(b) to all FLSA Collective Members, which (a) apprises them of the pendency of this action, and (b) permits them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b); and

  b. Toll the statute of limitations on the FLSA Collective Members claims from the date the original complaint was filed until the FLSA Collective Members are provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their rights to opt-in as Plaintiffs;

B. Designate Named Plaintiff as representative of the FLSA Collective;

C. Designate Named Plaintiff's chosen counsel as counsel for the FLSA Collective Action Class;

D. Declare and adjudge that Defendant's employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the FLSA;

E. Award back pay to Named Plaintiff and the FLSA Collective Members, including a sum to compensate Named Plaintiff and the FLSA Collective Members for any increased tax liability on a lump-sum award of back pay;

F. Award liquidated damages to Named Plaintiff and the FLSA Collective Members in the maximum amount available under the Fair Labor Standard Act;

G. Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Named Plaintiffs and the FLSA Collective Members;

H. Award Named Plaintiff and the members of the FLSA Collective Members pre-judgment and post-judgment interest available under the FLSA;

I. Award Named Plaintiff and the FLSA Collective Members any other appropriate equitable relief; and,

J. Award any additional relief that this Court deems just and proper.

## COUNT II

**Class Action Alleging Violations of the PMWA**
**(Named Plaintiff and Pennsylvania Class v. Defendant)**

### A. PMWA COVERAGE

55. Named Plaintiff incorporates by reference all paragraphs and allegations set forth in the statement of facts of this Complaint as though fully and completely set forth herein.

56. The Pennsylvania Class is defined as:

**ALL HOURLY DIRECT SUPPORT PROVIDERS EMPLOYED BY DEFENDANT, LIFE ADULT CARE SERVICES, LLC, IN THE COMMONWEALTH OF PENNSYLVANIA, AT ANY TIME FROM THREE (3) YEARS PRECEDING THE FILING OF THIS COMPLAINT THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Pennsylvania Class" OR "Pennsylvania Class Members").**

57. At all times hereinafter mentioned, Defendant has been an "employer" within the meaning of the PMWA. See 43 Pa.C.S. § 333.103(g).

58. At all times hereinafter mentioned, Named Plaintiff and the Pennsylvania Class Members have been "employees" within the meaning of the PMWA. See 43 Pa.C.S. § 333.103(h).

59. Named Plaintiff and the Pennsylvania Class Members were or have been employed by Defendant and have been covered employees entitled to the protections of the PMWA and were not exempt from the protections of the PMWA. See 43 Pa.C.S. § 333.105.

60. Defendant is not exempt from paying overtime benefits pursuant to the PMWA.

**B. <u>FAILURE TO PAY WAGES IN ACCORDANCE WITH THE PMWA</u>**

61. All previous paragraphs are incorporated as though fully set forth herein.

62. The PMWA requires that employees, including Named Plaintiff and the Pennsylvania Class Members, receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week. See 43 Pa.C.S. § 333.104(c).

63. Named Plaintiff and the Pennsylvania Class Members were or have been employed by Defendant and have been covered employees entitled to the protections of the PMWA.

64. Defendant is an employer covered by the requirements set forth in the PMWA.

65. Named Plaintiff and the Pennsylvania Class Members are not exempt from receiving overtime benefits under the PMWA.

66. Named Plaintiff and the Pennsylvania Class Members worked more than forty (40) hours in workweeks during times relevant to this case, however, Defendant violated the

PMWA by failing to pay them the correct amount of overtime compensation for all hours worked over forty (40) per week.

67. The total amount of compensation due to Named Plaintiff and the Pennsylvania Class Members by Defendant constitutes wages pursuant to the PMWA, and failure to pay the amount due constitutes a violation of the PMWA. See 43 Pa.C.S. § 333.103(d).

68. Named Plaintiff and the State Class are entitled to all legal and equitable remedies available for violations of the PMWA, including, but not limited to, back pay, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigations costs, and other compensation pursuant to the PMWA.

69. Named Plaintiff and the Pennsylvania Class Members have suffered damages and continue to suffer damages as a result of Defendant's acts or omissions as described herein; though Defendant is in possession and control of necessary documents and information from which Named Plaintiff and the Pennsylvania Class Members would be able to precisely calculate damages.

70. In violating the PMWA, Defendant acted willfully, without a good faith basis, and with reckless disregard of applicable Pennsylvania wage and hour laws.

71. Defendant is liable for the full amount of unpaid wages and unpaid overtime and for costs and reasonable attorneys' fees.

72. The proposed class of employees, i.e. putative class members sought to be certified pursuant to the PMWA, is defined in Paragraph 56.

73. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant.

## C. <u>PMWA CLASS ALLEGATIONS</u>

74. All previous paragraphs are incorporated as though fully set forth herein.

75. Named Plaintiff and the Pennsylvania Class Members bring their PMWA claims as a class action pursuant to Fed. R. Civ. P. 23 on behalf of all similarly situated individuals employed by Defendant to work in Pennsylvania during the limitations period.

76. Class action treatment of Named Plaintiff and the Pennsylvania Class Members is appropriate because, as alleged below, all of Fed. R. Civ. P. 23's class action requisites are satisfied.

77. The number of Pennsylvania Class Members is so numerous that joinder of all class members is impracticable.

78. Named Plaintiff's claims are typical of the claims of the other Pennsylvania Class Members, and Named Plaintiff has no interests that are antagonistic to or in conflict with the interests of the other Pennsylvania Class Members.

79. Named Plaintiff and his counsel will fairly and adequately represent the other Pennsylvania Class Members.

80. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

81. Accordingly, the Pennsylvania Class should be certified as defined in Paragraph 56.

**D. <u>PRAYER FOR RELIEF ON COUNT II</u>**

WHEREFORE, Named Plaintiff, Demund Brown, on behalf of himself and the Pennsylvania Class, respectfully request that this Honorable Court enter Judgment in his favor and against Defendant, Life Adult Care Services, LLC, jointly and severally, as follows:

A. Designate this action as a class action on behalf of the proposed Pennsylvania Class;

B. Designate Named Plaintiff as representative of the Pennsylvania Class;

C. Designate Named Plaintiff's chosen counsel as counsel for the Pennsylvania Class;

D. Declare and adjudge that Defendant's employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the PMWA;

E. Award back pay to Named Plaintiff and the Pennsylvania Class Members, including a sum to compensate Named Plaintiff and the Pennsylvania Class Members for any increased tax liability on a lump-sum award of back pay;

F. Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Named Plaintiff and Pennsylvania Class Members;

G. Award Named Plaintiff and the Pennsylvania Class Members pre-judgment and post-judgment interest available under the PMWA;

H. Award Named Plaintiff and the Pennsylvania Class Members any other appropriate equitable relief; and

I. Award any additional relief that this Court deems just and proper.

**<u>COUNT III</u>**

**Class Action Alleging Violations of the PWPCL**
**(Named Plaintiff and Pennsylvania Class v. Defendant)**

**A. <u>PWPCL COVERAGE</u>**

82. Named Plaintiff incorporates by reference all paragraphs and allegations set forth in the statement of facts of this Complaint as though fully and completely set forth herein.

83. The Pennsylvania Class is defined as:

**ALL HOURLY DIRECT SUPPORT PROVIDERS EMPLOYED BY DEFENDANT, LIFE ADULT CARE SERVICES, LLC, IN THE COMMONWEALTH OF PENNSYLVANIA, AT ANY TIME FROM THREE (3) YEARS PRECEDING THE FILING OF THIS COMPLAINT THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Pennsylvania Class" OR "Pennsylvania Class Members").**

84. At all times hereinafter mentioned, Defendant has been an "employer" within the meaning of the PWPCL. *See* 43 Pa.C.S. § 260.2a.

85. At all times hereinafter mentioned, Named Plaintiff and the Pennsylvania Class Members have earned wages within the meaning of the PWPCL. *Id.*

86. Named Plaintiff and the Pennsylvania Class Members were or have been employed by Defendant and have been covered employees entitled to the protections of the PWPCL and were, and are, not exempt from the protections of the PWPCL. *See* 43 Pa.C.S. § 260.1, *et seq*.

**B. <u>FAILURE TO PAY WAGES IN ACCORDANCE WITH THE PWPCL</u>**

87. All previous paragraphs are incorporated as though fully set forth herein.

88. Named Plaintiff and members of the State Class are entitled to be paid their proper regular rate of pay, and their proper overtime rate of pay of one and one-half (1½) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA and PMWA. The failure to pay said wages constitutes a violation of Section 215(a)(2) of the FLSA and Section 333.104(c) of the PMWA.

89. Defendant has failed to pay Named Plaintiff and the Pennsylvania Class Members their proper regular rate of pay, and their proper overtime rate of pay of one and one-half (1½) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek, in violation of the FLSA and PMWA. Defendant has, therefore, failed to regularly pay Named

Plaintiff and the Pennsylvania Class Members for all earned wages from the date they were first employed, through and including the present, in violation of the PWPCL.

90. Accordingly, wages, including wages in the form of overtime pay, are due and owing to Named Plaintiff and the Pennsylvania Class Members pursuant to Section 260.3(a) of the PWPCL.

91. The total amount due to Named Plaintiff and the Pennsylvania Class Members by Defendant constitutes wages under Section 260.2a. of the PWPCL, and failure to pay the amount due constitutes a violation of the PWPCL.

92. In accordance with Section 260.10 of the PWPCL, by reason of Defendant's actions, Named Plaintiff and the Pennsylvania Class Members are entitled to liquidated damages in an amount equal to twenty-five percent (25%) of the wages due in addition to all wages due.

93. In accordance with Section 260.9a of the PWPCL, by reason of Defendant's actions, Named Plaintiff and the Pennsylvania Class Members are entitled to reasonable attorneys' fees associated with this action.

94. The wages withheld from Named Plaintiff and the Pennsylvania Class Members were not the result of any bona fide dispute.

95. Named Plaintiff and the Pennsylvania Class are entitled to all legal and equitable remedies available for violations of the PWPCL, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigations costs, and other compensation pursuant to the PWPCL.

96. The proposed class of employees, i.e. putative class members sought to be certified pursuant to the PWPCL, is defined in Paragraph 56.

97. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant.

## C. PWPCL CLASS ALLEGATIONS

98. All previous paragraphs are incorporated as though fully set forth herein.

99. Named Plaintiff and the Pennsylvania Class Members bring their PWPCL claims as a class action pursuant to Fed. R. Civ. P. 23 on behalf of all similarly situated individuals employed by Defendant to work in Pennsylvania during the limitations period.

100. Class action treatment of Named Plaintiff and the Pennsylvania Class Members is appropriate because, as alleged below, all of Fed. R. Civ. P. 23's class action requisites are satisfied.

101. The number of Pennsylvania Class Members is so numerous that joinder of all class members is impracticable.

102. Named Plaintiff's claims are typical of the claims of the other Pennsylvania Class Members, and Named Plaintiff has no interests that are antagonistic to or in conflict with the interests of the other Pennsylvania Class Members.

103. Named Plaintiff and his counsel will fairly and adequately represent the other Pennsylvania Class Members.

104. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

105. Accordingly, the Pennsylvania Class should be certified as defined in Paragraph 56.

**D. <u>PRAYER FOR RELIEF ON COUNT III</u>**

WHEREFORE, Named Plaintiff, Demund Brown, on behalf of himself and the Pennsylvania Class, respectfully requests that this Honorable Court enter Judgment in his favor and against Defendant, Life Adult Care Services, LLC, as follows:

A. Designate this action as a class action on behalf of the proposed Pennsylvania Class;

B. Designate Named Plaintiff as representative of the Pennsylvania Class;

C. Designate Named Plaintiff's chosen counsel as counsel for the Pennsylvania Class;

D. Declare and adjudge that Defendant's employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the PWPCL;

E. Award back pay to Named Plaintiff and the Pennsylvania Class Members, including a sum to compensate Named Plaintiff and the Pennsylvania Class Members for any increased tax liability on a lump-sum award of back pay;

F. Award liquidated damages to Named Plaintiff and the Pennsylvania Class Members in the maximum amount available under the PWPCL;

G. Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Named Plaintiff and Pennsylvania Class Members;

H. Award Named Plaintiff and the Pennsylvania Class Members pre-judgment and post-judgment interest available under the PWPCL;

I. Award Named Plaintiff and the Pennsylvania Class Members any other appropriate equitable relief; and

J. Award any additional relief that this Court deems just and proper.

**<u>JURY DEMAND</u>**

Named Plaintiff and all members of the FLSA Collective and Pennsylvania Classes demand a trial by jury on all issues triable to a jury as a matter of right.

Dated: August 15, 2025

Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

*/s/ Derrek W. Cummings*
Derrek W. Cummings (PA 83286)
dcummings@weisbergcummings.com

*/s/ Larry A. Weisberg*
Larry A. Weisberg (PA Bar: #83410)
lweisberg@weisbergcummings.com

*/s/ Steve T. Mahan*
Steve T. Mahan (PA 313550)
smahan@weisbergcummings.com

*/s/Michael J. Bradley*
Michael J. Bradley (PA 329880)
mbradley@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
Tel.: (717) 238-5707
Fax: (717) 233-8133

*Counsel for Plaintiffs*